1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11    BOARD OF TRUSTEES, in their )
      capacities as Trustees of   )
12    the LABORERS HEALTH AND      )        No. C09-2557 PJH (BZ)
      WELFARE TRUST FUND FOR       )
13    NORTHERN CALIFORNIA, et al.  )
                                   )
14                                 )
                                   )
15              Plaintiff(s),      )        **REPORT AND RECOMMENDATION**
                                   )        **FOR DEFAULT JUDGMENT**
16         v.                      )
                                   )
17    ROBERT BEADLES, INC., a      )
      California Corporation, and  )
18    DOES 1 -10,                  )
                                   )
19                                 )
                Defendant(s).      )
20    _____  )

21         Plaintiffs' motion for entry of default judgment against

22    defendant Robert Beadles, Inc. ("RBI") has been referred to me

23    for a report and recommendation.  RBI has never appeared in

24    this action and did not respond to plaintiffs' motion.  The

25    following is a report and recommendation for entry of default

26    judgment.

27         On June 9, 2009, plaintiffs filed a complaint under § 301

28    of the Labor Management Relations Act of 1947 ("LMRA"), 29

                                      1

1  U.S.C. § 185(a), and § 502 of the Employee Retirement Income

2  Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  On October

3  5, 2009, plaintiffs submitted the first amended complaint

4  ("FAC") to include causes of action against 10 Doe defendants.

5  The FAC alleges that RBI violated a collective bargaining

6  agreement that required RBI to make regular contributions and

7  to submit reports of its employees' work hours to the Laborers

8  Health and Welfare Trust Fund for Northern California, the

9  Laborers Vacation-Holiday Trust Fund for Northern California,

10  the Laborers Pension Trust Fund for Northern California, and

11  the Laborers Training and Retraining Trust Fund for Northern

12  California (collectively, "Trust Funds"), which plaintiffs

13  administer.  Compl. ¶¶ II, III, V.  The complaint seeks actual

14  damages "according to proof" for all contributions due as well

15  as an audit, liquidated damages and interest provided for by

16  the contract, plus attorneys fees and costs.

17      Plaintiffs effected service of process of the FAC on

18  October 7, 2009.  RBI failed to answer the complaint or

19  otherwise defend the action.  On April 21, 2010, upon

20  plaintiffs' request, the clerk of this court entered RBI's

21  default under Rule 55(a).  By its default, RBI is deemed to

22  have admitted the well-pleaded averments of the complaint

23  except those as to the amount of damages.  See Fed. R. Civ. P.

24  8(d).

25      A court may not enter a default judgment against an

26  unrepresented minor, an incompetent person, or a person in

27  military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.

28  U.S.C. § 521.  RBI, as a corporation, is not subject to these

2

1    limitations.

2        Pursuant to Rule 55(b)(2), the court may enter a default

3    judgment against a party against whom default has been

4    entered.   The decision to grant or deny a default judgment

5    under Rule 55(b) is within the discretion of the Court.   Eitel

6    v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).   A formal

7    hearing is not required for a court to render a default

8    judgment.   Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981).

9        Section 1132(g) of ERISA provides that in an action to

10   enforce payment of delinquent contributions:

11       the court shall award the plan -
             (A) the unpaid contributions,
12           (B) interest on the unpaid contributions,
             (C) an amount equal to the greater of –
13               (I)  interest on the unpaid contributions,
                 or
14               (ii) liquidated damages provided for under
                 the plan in an amount not in excess of 20
15               percent. . . of the amount determined by the
                 court under subparagraph (A),
16           (D) reasonable attorney's fees and costs.

17   29 U.S.C. § 1132(g)(2).   An award under section 1132(g)(2) is

18   mandatory if:   (1) the employer is delinquent at the time the

19   action is filed; (2) the district court has entered a judgment

20   against the employer; and (3) the plan provides for such an

21   award.   Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d

22   253, 257 (9th Cir. 1996) (citing Idaho Plumbers and

23   Pipefitters Health and Welfare Fund v. United Mechanical

24   Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989).

25       Along with their motion for default judgment, plaintiffs

26   submitted the declaration of Concepcion Lozano-Batista

27   ("Lozano-Batista Decl."), plaintiffs' counsel, that listed the

28   amounts of attorney fees and costs associated with this

3

1   litigation.  <u>See</u> Declaration of Concepcion E. Lozano-Batista

2   in Supp. of Mot. for Default J. filed on June 11, 2010.

3   Plaintiffs also submitted a declaration by John Hagan ("Hagan

4   Decl."), Accounts Receivable Manager for plaintiffs' Laborers

5   Funds Administrative Office of Northern California, Inc.  The

6   Hagan Decl. documents RBI's failures to comply with terms of

7   the Agreements.  <u>See</u> Declaration of John Hagan in Supp. of

8   Mot. For Default J. filed on June 11, 2010.  Plaintiffs have

9   satisfied the statutory requirements and are entitled to

10  relief.

11       Plaintiffs request an order that defendant pay as

12  damages $23,069.13 in reported delinquent contributions, a

13  further $52,108.63 in unpaid contributions discovered in an

14  audit, $40,188.56 in interest, and $6,000 in liquidated

15  damages.  Plaintiffs have submitted proof and given further

16  testimony regarding the unpaid contributions, interest, and

17  liquidated damages owed by defendant.  <u>See</u> Hagan Decl., Exh.

18  F.

19       In testimony offered subsequent to their supplemental

20  declaration (Doc. No. 39), plaintiffs proffered that they

21  were entitled to charge duplicate flat fee liquidated damage

22  penalties pursuant to their master agreement with defendant.

23  Having reviewed the master agreement between plaintiffs and

24  defendant (Doc. No. 30, Exh. A), I have not found any section

25  that creates an entitlement to double flat fee liquidated

26  damages.  Therefore, I recommend that the plaintiffs' request

27  for flat fee liquidated damages be limited to the $3,000 as

28  stated in plaintiffs' supplemental declaration. (Doc. 39,

4

1 | Exhs. B, C).

2 |     Plaintiffs also seek $11,335.00 in attorneys' fees and

3 | $1543.98 in costs.  Reasonable attorneys' fees and costs of

4 | the action may be awarded to a Trust Fund that receives a

5 | judgment in its favor.  See 29 U.S.C. 1132(g)(2)(D).

6 | Plaintiffs seek to recover for 35 hours of attorney time

7 | billed at rates of $250, $275 and $325 an hour, and 7.25

8 | hours of paralegal time most of which was billed at $125 per

9 | hour.  While the hourly rates are reasonable, there is no

10 | explanation of why what appears to be a relatively straight

11 | forward ERISA collection action which went by way of default,

12 | required the attention of four different attorneys and three

13 | different legal assistants.  Numerous times entries are

14 | simply for reviewing the file or reviewing correspondence

15 | without any suggestion of why the review was done.  I

16 | therefore recommend that plaintiffs' request for fees be

17 | reduced by 1/3 and that they be awarded $7,560.00 in

18 | attorney's fees.  See Crosthwaite v. John D. Baker Const.

19 | Co., 2010 WL 2673048, at *3 (N.D.Cal. Jul. 02, 2010); Board

20 | of Trustees v. Geotech Const., Inc., 2008 WL 34964744, at *3

21 | 9N.D. Cal. Jul. 18, 2008); Bay Area Painters v. Alta

22 | Specialty, 2008 WL 114931, at *6 (N.D. Cal. Jan. 10, 2008);

23 | Bay Area Painters and Tapers v. Brown, No. C06-07509 WHA,

24 | 2007 WL 1302982, at *5 (N.D. Cal. May 3, 2007).  Plaintiffs

25 | also seek $1453.98 in costs, primarily consisting of filing

26 | fees and service costs.  See id. ¶ 13.  I recommend that

27 | plaintiffs be awarded all of their costs except for $591.41

28 | for Westlaw research conducted in July of 2009.  During that

1   time period no attorney listed legal research as a performed

2   task, not surprising in as much as the complaint seems to be

3   a boilerplate complaint drafted by a legal assistant in May

4   and June.

5       For the foregoing reasons, I recommend that judgment be

6   entered in plaintiffs' favor against RBI in the amount of

7   $127,470.30.  This amount includes: $7,560.00 in attorneys'

8   fees and $1453.98 in costs.

9   Dated: November 4, 2010

10                          Bernard Zimmerman

11                          United States Magistrate Judge

12

13  G:\BZALL\BZEX\Darryl Yorkey\Beadles R&R DEFAULT JUDGMENT.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28